SEAN A. LEAVY
2131 N. 37th St.
Milwaukee, WI 53208,
                        Plaintiff,

v.                                                        Case No. 2:26-cv-

US SPECIAL DELIVERY
5282 South 13th St.
Milwaukee, WI 53221,
                       Defendant.

# FEDERAL COMPLAINT WITH JURY DEMAND

NOW COMES the above-named Plaintiff, by and through attorney WALTER W. STERN III, and for the causes of action against the above-named Defendant, Plaintiff alleges and shows claims for relief as follows:

1.      This is a federal civil rights action under Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

<u>Jurisdiction</u>

2.      The jurisdiction of the Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended, and § 704(a) of Title VII and 28 USC Sec. 1331, 1343(a)(3) and 1367(a).

<u>Venue</u>

3.      The Eastern District of Wisconsin is the proper federal venue for this action, pursuant to Title 28 of the United States Code, Section 1391 (t), because it is the judicial district where the constitutional rights violations of Plaintiff were committed and where the

Defendant does business. Defendant is authorized to do business in the State of Wisconsin, and has its principal office at 5282 S. 13th Street, Milwaukee, WI 53221.

4. The Plaintiff is an adult citizen of the United States, State of Wisconsin, City of Milwaukee and his race is African-American. At all times pertinent, he was a resident in the United States District Court for the Eastern District of Wisconsin.

## FACTS

5. That the Plaintiff at all times pertinent from July 1, 2023 through September 4, 2024, was employed by the Defendant company as a dockworker, earning $19.50 an hour.

6. That on or about September 2, 2024, Plaintiff's co-worker, a member of the Caucasian race, Anthony *lku*, directed a racial slur, to wit: "nigger" toward the Plaintiff, after accusing Plaintiff of hitting him with a skid while operating a fork truck.

7. There were words exchanged between Plaintiff and Anthony, with Plaintiff stating that he did not hit Anthony with the fork truck. Anthony did not accept that explanation and appeared to remain angry with the Plaintiff.

8. Thereafter, at or around 8:30 p.m., Anthony again verbally accosted the Plaintiff stating "I'll beat your ass, nigger." This was witnessed by several other employees of the Defendant.

9. During this incident, Anthony physically came toward Plaintiff in a threatening manner and had to be held back from attacking the Plaintiff by other employees.

10. After this incident, Plaintiff submitted a written complaint to the company regarding the racial slurs and threats by co-worker, Anthony.

11. Plaintiff was terminated several days after submitting the written complaint, to wit: September 4, 2024.

12. That upon information and belief, Plaintiff's white co-worker, Anthony, was not disciplined for his racial slurs and threats toward the Plaintiff.

13. That on or about the 21st day of March, 2025, the Plaintiff did submit a complaint with the State of Wisconsin Equal Rights Department of Workforce Development with respect to racial discrimination and retaliation. On or about February 17, 2025, an Addendum to Written Complaint was filed with the EEOC. The Complaint and Addendum are attached hereto and labeled **Exhibit "A"** and incorporated into this Complaint by reference hereto.

14. That this Complaint was also duly filed with the United States Equal Employment Opportunity Commission.

15. That at the Plaintiff's request, the EEOC terminated its jurisdiction and issued a Right to Sue letter, which is marked **Exhibit "B"** and incorporated into this complaint by reference hereto.

16. That the racial slurs and threats made by the Caucasian co-worker, and the lack of any severe disciplinary action being taken, such as suspension or termination of the co-worker, Anthony, constitutes discrimination in the workplace based upon race, contrary to Title VII of the 1964 Civil Rights Act, as amended, and hostile work environment.

17. That the Plaintiff alleges that his removal from the workforce on September 4, 2024 was retaliation for making a complaint with regard to the racial statements and threats made by co-worker, Anthony, contrary to Title VII of the 1964 Civil Rights Act, as amended.

18. That as a result of the discrimination alleged herein, the Plaintiff has suffered pain, suffering, depression and anxiety as a result of the racial discrimination in the

workplace and the retaliation based upon his race, to wit: African-American, in an amount to be determined by a jury.

19. That the Plaintiff is entitled to back wages and employee benefits from September 4, 2024 to date and into the future, in an amount to be determined by the jury, as well as reinstatement to his employment with said Defendant.

20. That as a result of the race discrimination and retaliation, the Plaintiff will continue to suffer pain, anxiety, depression, past, present and future, justifying an award of compensatory damages.

21. That the conduct of the Defendant, through its agents, officers, and employees of race discrimination, as alleged in this complaint, together with retaliation, justifying an award of punitive damages in an amount to be determined by the jury.

**DEMAND FOR JUDGMENT**

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

a. A finding that the Title VII of the 1964 Civil Rights Act, as amended, was violated due to racial discrimination, and for an award of back wages as indicated in this complaint;

b. That the Plaintiff be made whole for acts of discrimination and retaliation by being awarded compensatory damages, both past and future;

c. That the Plaintiff be awarded punitive damages against the Defendant due to the malicious and/or reckless conduct;

d. For all costs, disbursements, and reasonable attorney's fees pursuant to Title 42 of the United States Code, Section 1988; and

e. For such other and further relief as the Court deems just and equitable.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL OF THIS ACTION**

**ON ALL ISSUES SO TRIABLE**.

Dated this 16th day of March, 2026

By: *electronically signed by Walter W. Stern III*
WALTER W. STERN III
Counsel for Plaintiff
920 85th Street, Unit 123
Kenosha, WI 53143
(262) 880-0192/(262) 997-1101
wwstern111@gmail.com

Page **5** of **5**

Case 2:26-cv-00420-LA    Filed 03/16/26    Page 5 of 5    Document 1